# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK MCCLESKEY, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS, ) ) ) ) ) Plaintiffs, ) ) v. ) ) REDLINE SYSTEMS OF INDIANA, LLC, an Indiana ) domestic limited liability corporation, ) ) Defendant. ) | No. 1:20-cv-400- |

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ, GRANT R. PIECHOCINSKI and ARNOLD AND KADJAN, LLP, complain against Defendant, REDLINE SYSTEMS OF INDIANA, LLC, as follows:

## JURISDICTION AND VENUE

1. (a) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

(b) Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Funds as described in Paragraph 2, are administered and 29 U.S.C. Section 185(c).

## PARTIES

2. (a) The Plaintiffs in this count are MARK MCCLESKEY, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS, ("the Funds"), and have standing to sue pursuant to 29

U.S.C. Section 1132(d)(1).

  (b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Cement Masons Union and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

  (c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

3. (a) REDLINE CONSTRUCTION COMPANY, an Indiana domestic for-profit corporation (hereafter "REDLINE"), was party to and bound by a collective bargaining agreement with Cement Masons Union Local 692 ("union") which required REDLINE to make contributions to Plaintiffs on behalf of bargaining unit employees represented by the Union.

  (b) REDLINE has its principal place of business at Indianapolis, Indiana.

  (c) REDLINE is an employer engaged in an industry affecting commerce.

  (d) REDLINE filed Chapter 7 Bankruptcy on January 31, 2020.

4. (a) REDLINE SYSTEMS OF INDIANA LLC, an Indiana domestic for-profit limited liability corporation (hereafter "RSI") and is doing business within this Court's jurisdiction.

  (b) RSI has its principal place of business at Indianapolis, Indiana.

  (c) RSI is an employer engaged in an industry affecting commerce.

5. Since September 21, 2009, REDLINE entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees. (Exhibit

A)

6. By virtue of certain provisions contained in the collective bargaining agreements, REDLINE is bound by the Trust Agreement establishing the Funds.

7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, REDLINE is required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

### COUNT I - SINGLE EMPLOYER LIABILITY

8. **RSI** is liable for unpaid benefits for their bargaining unit employees and must adhere to the terms of the **REDLINE** CBA, as **REDLINE** and **RSI** are a single employer under applicable labor relations theory in that:

    a. **Eric Gordon and his family** control(ed) the labor relations policy making of both companies;

    b. The companies are interrelated and share common employees, equipment, materials and jobs in that **RSI** uses the foregoing which previously and/or currently were used by **REDLINE;**

    c. The companies share common management;

    d. The companies share common ownership;

    e. The companies perform the same type of work;

    f. The companies share an interrelation of operations; and

9. By virtue of the foregoing, Plaintiffs have been damaged in an amount not presently ascertainable, but to be measured by the amount of benefits owed by **RSI** for their

bargaining unit employees.

10. By virtue of being a single employer, **RSI** is jointly and severally liable for any amounts owed by **REDLINE** to the Plaintiffs.

WHEREFORE, Plaintiffs pray for relief as follows:

A. **RSI** be ordered to submit to an audit for February 1, 2017 to the present**;**

B. Judgment be entered in favor of Plaintiffs and against **RSI** jointly and severally in the amount of benefits owed but unpaid by these companies;

C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2);

D. Defendants be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments;

E This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## **COUNT II – ALTER EGO LIABILITY**

11. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-7 of this complaint as if they were restated fully herein.

12. **RSI** is liable for unpaid benefits for their bargaining unit employees and must adhere to the terms of the **REDLINE** CBA, as **RSI** is the successor and/or alter ego of **REDLINE** under applicable labor relations theory in that:

    a. **Eric Gordon and his family** control(ed) the labor relations policy making of both companies;

  b. The companies are interrelated and share common employees, equipment, materials and jobs in that **RSI** use the foregoing which previously and/or currently were used by **REDLINE;**

  c. The companies share common management;

  d. The companies share common ownership;

  e. The companies perform the same type of work;

  f. The companies share an interrelation of operations;

  g. **Eric Gordon had notice of the pre-existing REDLINE CBA; and**

  h. **RSI** was set up to evade **REDLINE'S** collective bargaining agreement (CBA) with the Union.

17. By virtue of the foregoing, Plaintiffs have been damaged in an amount not presently ascertainable, but to be measured by the amount of benefits owed by **RSI** for their bargaining unit employees.

WHEREFORE, Plaintiffs pray for relief as follows:

  A. **RSI** be ordered to submit to an audit for February 1, 2017 to the present**;**

  B. Judgment be entered in favor of Plaintiffs and against **RSI** jointly and severally in the amount of benefits owed but unpaid by these companies;

  C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2);

  D. Defendants be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments;

E. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

        Respectfully submitted,

        MARK MCCLESKEY, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS

        By:    s/ Donald D. Schwartz
                  One of their Attorneys

Donald D. Schwartz
Grant R. Piechocinski
ARNOLD AND KADJAN, LLP
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
(312) 236-0415